**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00232-MR-DLH**

| | | |
|---|---|---|
| **ANGELA FAYE CHAMBERS, as** | ) | |
| **Personal Representative of** | ) | |
| **Christopher Ryan Reese, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **MEGA MANUFACTURING, INC., and** | ) | |
| **ALLSTEEL,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default

Judgment against the Defendant Allsteel [Doc. 21].

The Plaintiff initiated this wrongful death action against Defendants

Mega Manufacturing, Inc. (Mega Manufacturing) and Allsteel on July 15,

2013.  [Doc. 1-2].  Mega Manufacturing removed the action to this Court on

August 22, 2013.   [Doc. 1].   On February 4, 2014, the Clerk of Court

entered default against Defendant Allsteel based on its failure to answer or

otherwise respond to the Plaintiff's Complaint.  [Doc. 20].  The Plaintiff now

moves for the entry of a default judgment against this Defendant. [Doc. 21].

The Plaintiff's Motion for Default Judgment is premature at this time. It is well-established that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2690 (3d ed. 2008). This rule is equally applicable beyond the context of joint and several liability to "situations in which several defendants have closely related defenses." <u>Id.</u>; <u>see also</u> <u>United States ex rel. Hudson v. Peerless Ins. Co.</u>, 374 F.2d 942, 944-45 (4th Cir. 1967). Here, the Defendants named in this action are alleged to be jointly and severally liable to the Plaintiff under several theories. At the very least, it would appear that Allsteel could raise defenses which are closely related to defenses raised by Mega Manufacturing. For these reasons, the Court finds that the appropriate procedure for the Plaintiff to follow is to await a final ruling on the merits as to the remaining Defendant before seeking the entry of a default judgment against Allsteel. <u>See, e.g.</u>, <u>Scottsdale Ins. Co. v. Dennis</u>

Ins. Group, Inc., No. 3:08-cv-00173-FDW, 2009 WL 81213, at *1 (W.D.N.C. Jan. 9, 2009).

Accordingly, the Plaintiff's Motion for Default Judgment [Doc. 21] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: February 24, 2014

Martin Reidinger
United States District Judge