# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:13-CV-232-MR-DLH

| | |
|---|---|
| ANGELA FAYE CHAMBERS, as Personal Representative of Christopher Ryan Reese, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>MEGA MANUFACTURING, INC., a Corporation, and ALLSTEEL, a Corporation,<br><br>Defendants. | ORDER APPROVING SETTLEMENT FOR THE BENEFIT OF MINOR |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Approval of a Minor's Settlement [Doc. 33].

## BACKGROUND

Plaintiff is the duly appointed Personal Representative of the Estate of her deceased son, Christopher Ryan Reese. [Doc. 1-2]. Mr. Reese died at his place of employment after becoming entrapped in a shear press Plaintiff alleges was defectively designed, manufactured, and distributed by the Defendants. [Id. at 2]. Mr. Reese died intestate and left as his sole heir his

minor child A.R.[1] [Doc. 33-5 at 4 (sealed)]. Subsequent to Mr. Reese's death, the minor child A.R. was lawfully adopted by D.W.R. and D.L.R. [Doc. 33-3 (sealed)].

Plaintiff brought this action in the Henderson County, North Carolina, Superior Court, on July 15, 2013, alleging the wrongful death of her son. Defendant Mega Manufacturing, Inc. (MMI), removed Plaintiff's action to this Court [Doc. 1], and filed an Answer to Plaintiff's Complaint denying any liability for Mr. Reese's death. [Doc. 1-3]. Defendant Allsteel failed to plead or otherwise appear in this matter and the Clerk entered Defendant Allsteel's default on February 4, 2014. [Doc. 20].

On August 25, 2014, Defendant MMI notified the Court that it and Plaintiff had reached a settlement in this matter. [Docket Sheet]. The Court thereafter entered an Order directing the parties to file such documentation as would be necessary to bring this matter to a close. [Doc. 30].

On November 7, 2014, Plaintiff filed a Motion for the Approval of a Minor's Settlement seeking a final order of approval from the Court. [Doc. 33]. Plaintiff is asking the Court to approve the confidential settlement and

---

[1] Due to the nature of this proceeding, and because it involves a minor beneficiary, three of the persons involved in this matter are identified through the use of pseudonyms. Filed under seal in this matter, and incorporated herein by reference, is a "Sealed Addendum" specifically identifying the minor child and the minor's adoptive parents by their true names.

release agreement reached between her and MMI. The terms of the settlement and release agreement are set forth in documents filed under seal with the Court. [Doc. 44 (sealed)]. In short, Defendant MMI and Plaintiff agree, by way of such settlement and release agreement, to the dismissal of this matter with prejudice and the full release of the Defendants upon Plaintiff's receipt of the confidential settlement amount to be paid by Defendant MMI to Plaintiff for the benefit of the minor child A.R.

## **FINDINGS OF FACT**

On July 8, 2015, this matter came on for final hearing before the Court. Present at the proceeding were counsel for the Plaintiff;[2] Mr. Eric A. Richardson, Esq., the proposed guardian *ad litem* of minor child A.R.; and the adoptive parents of A.R. Prior to the hearing, the Court reviewed the settlement and release documents and filings pertinent to this matter. During the hearing, the Court reviewed the report of the proposed guardian *ad litem,* which it directed to be filed under seal [Doc. 48 (sealed)], and addressed the persons who were present. Based on such document review and based on the statements of said persons, the Court makes the following **FINDINGS OF FACT:**

---

[2] Defense counsel for MMI was excused from participating in this hearing by consent of Plaintiff's counsel.

1. At the hearing held July 8, 2015, the Court determined that Mr. Richardson was a responsible and accountable person and fit to act as the guardian *ad litem* for A.R. and that Mr. Richardson has acted in the best interests of A.R. with respect to this litigation. Accordingly, at that time, the Court granted Plaintiff's Motion to Appoint Guardian Ad Litem. [Doc. 42] and appointed Mr. Richardson as guardian *ad litem* for A.R. *nunc pro tunc* to June 17, 2015.

2. Mr. Richardson is an attorney, duly licensed to practice law in the State of North Carolina. Further, he stated to this Court at the hearing held July 8, 2015, and acknowledged that he:

(a) has read the pleadings and settlement and release documents filed in this matter and understands the terms thereof and that his minor ward is the beneficiary of a settlement reached between MMI and Plaintiff, subject to the approval by the Court.

(b) has met with counsel for the Plaintiff with regard to the Plaintiff's decision to settle this matter.

(c) has met with D.W.R. and D.L.R., the parents of minor child A.R., regarding how A.R. may be a potential beneficiary of the settlement of this matter.

(d) understands the settlement and release agreement proposes that his minor ward receive a monetary settlement in an amount of which he is aware.

(e) has compiled and filed a document under seal with the Court entitled, "Guardian Ad Litem Report." [Doc. 48 (sealed)].

(f) understands the settlement and release agreement proposes that the total settlement sum for his minor ward would be disbursed as more fully set forth in the settlement and release agreement under seal in this matter and understands also that a portion of the total settlement sum will go toward paying the expenses of this litigation and attorneys fees. [Id.].

(g) has reviewed the claims, evidence, strengths, weaknesses, defenses, insurance coverages and coverage questions, and that his understandings are consistent with the proffer made by the Plaintiff's attorneys at the hearing held in this matter, and that he understands these issues sufficiently to make an informed determination as to the reasonableness and fairness of the settlement for his minor ward.

(h) believes that the proposed settlement for his minor ward is fair and reasonable under the circumstances of this case both as to the amount of the settlement and as to the proposed disbursement.

(i) understands that, if the Court approves the settlement agreement, the monies due his minor ward will be disbursed as described in the sealed settlement and release agreement. [Doc. 44 (sealed)].

(j) understands that, in the event his minor ward requires access to the funds disbursed pursuant to the settlement and release agreement before attaining the triggering age, a general guardian (whether the guardian ad litem, the adoptive parents or some other qualified person) will be required to appear before the Henderson County, North Carolina, Clerk of Court and qualify as a "General Guardian," as that term is defined by N.C. Gen. Stat. § 35A-1202(7). Following such qualification, Chapter 35A of the North Carolina General Statutes will control whether, and to what extent, such general guardian will be permitted to withdraw any funds held pursuant to the settlement and release agreement for the well-being of his minor ward.

(k) understands that the monies paid pursuant to the settlement and release agreement for the benefit of his minor ward belong to said ward and not to him nor to the minor's parents, and that such monies may not be used for the typical parental expenditures such as for food, clothing, shelter, healthcare, or other maintenance costs associated with raising children.

(*l*) understands that, if the Court approves the settlement and release agreement, the monies due his ward and paid pursuant to the settlement and release agreement will terminate the claims of his minor ward against Defendants. He understands, too, that his decision to accept the settlement and release agreement proposed by Defendant MMI (if approved by the Court) will bind his minor ward and said ward will be enjoined from seeking any future redress against Defendants, pursuant to the settlement and release agreement, based upon the acts and omissions alleged in the Complaint against the Defendants.

3. D.W.R. and D.L.R. are the parents of minor child A.R. Further, they have been duly appointed by the Ninth Judicial Circuit Court, in and for Osceola County, Florida, where they reside, as Guardians of the Property of their child, A.R. [Doc. 38-2 (sealed)]. They stated to this Court at the hearing held July 8, 2015, and acknowledged that they:

(a) have read the settlement and release agreement filed in this matter and understand the terms thereof and that their minor child is a potential beneficiary of a settlement reached between the Plaintiff and Defendant MMI, subject to the approval by the Court.

(b) have met with counsel of their choice in this matter.

(c) understand the settlement and release agreement proposes that their minor child receive a monetary settlement in an amount of which they are aware.

(d) understand the settlement and release agreement proposes that the total settlement sum due their minor child would be placed in a protected account and disbursed as more fully set forth in the settlement and release agreement and other documents filed under seal in this matter, and understand also that a portion of the total settlement sum will go toward paying the expenses of this litigation and attorneys' fees.

(e) believe that the proposed settlement for their minor child is fair and reasonable under the circumstances of this case both as to the amount of the settlement and as to the proposed disbursement of the settlement.

(f) understand that, if the Court approves the settlement and release agreement, the monies due their minor child will be disbursed as described in the sealed settlement and release agreement and other sealed documents filed herein.

(g) understand that the monies paid pursuant to the settlement and release agreement for the benefit of their minor child belong to said child and not to them, and that no such monies shall be used for the typical

parental expenditures such as for food, clothing, shelter, healthcare, or other maintenance costs generally associated with raising children.

    (h)    understand that, if the Court approves the settlement and release agreement, the monies due their child will terminate the claims of their minor child against Defendants.  They understand, too, that the guardian *ad litem*'s decision to accept the settlement and release agreement on behalf of their minor child proposed by Plaintiff and Defendant MMI (if approved by the Court) will bind their minor child and said child will be enjoined from seeking any future redress against Defendants, pursuant to the settlement and release agreement, based upon the acts and omissions alleged in the Complaint against the Defendants.

    4.    To make a determination about the reasonableness of the settlement and release agreement, the Court requested that the Plaintiff give a forecast of trial evidence and provide a candid evaluation of the strengths and weaknesses of her claims and any defenses thereto.  The Plaintiff complied with the Court's request and proffered details surrounding the factual and legal circumstances of this matter at the hearing held July 8, 2015, which the Court will summarize in very general terms below.

On or about October 4, 2011, Christopher Ryan Reese was an employee of Kiln Drying Systems & Components, Inc. located in Etowah,

North Carolina. Mr. Reese was a machinist for Kiln Drying Systems and worked on a shear press that Plaintiff alleges was defectively designed, engineered, manufactured, and marketed by Defendants MMI and Allsteel. Kiln Drying Systems had purchased and installed the shear press at its Etowah facility prior to or by June, 1999. While operating the subject shear press, Mr. Reese became entrapped within moving parts of the shear press. As a result, Mr. Reese sustained multi-focal traumatic brain injury with fractures of his skull and skull base along with hemorrhaging of the mid-brain and brain stem. Mr. Reese was immediately hospitalized following his injuries and placed on life-support systems. On October 13, 2011, Mr. Reese was taken off life support and passed away from his injuries.

In evaluating the provisions of the settlement and release agreement, the Court assessed the following factors:

    (a) Claims and Defenses. Plaintiff has brought claims for relief alleging the wrongful death of Christopher Ryan Reese. Defendant MMI has asserted various defenses, of particular import, the defense of the North Carolina statute of repose. While a strong factual basis has been forecast by Plaintiff which could support a jury verdict finding Defendant MMI liable, an equally strong argument, as conceded by Plaintiff, has been made by

Defendant MMI that all of Plaintiff's claims are foreclosed by the North Carolina statute of repose.

(b) Insurance. Defendant MMI is covered by liability insurance by Admiral Insurance Company and MMI's liability insurance carrier is amenable to settlement on the terms set forth in the settlement and release agreement. Bridgefield Casualty Insurance Company, the carrier on the risk for worker's compensation injuries for Defendant MMI, has specifically released all subrogation claims for any Worker's Compensation lien arising from medical expenses and benefit payments it has made or will make to the Estate of Christopher Ryan Reese as ordered by the North Carolina Industrial Commission [Docs. 33-5; 44 (sealed)].

5. The minor child's guardian *ad litem* has reviewed the terms of the settlement and release agreement that must executed to bring about the disbursement of the settlement proceeds as ordered herein and is in agreement with the terms thereof.

6. The minor child's guardian *ad litem* agrees that the disbursement of the settlement proceeds as ordered herein is fair and reasonable to his minor ward both as to the amount to be paid and as to the distribution of the proceeds thereof when considering the powers and duties imposed generally upon guardians as set forth in N.C. Gen. Stat. § 35A-1252.

7. Based upon all of the foregoing, the Court finds that the settlement and release agreement for the benefit of the minor child is fair and reasonable under all of the circumstances of this case; that the amount to be paid for the benefit of said minor is fair and reasonable; and that the proposed disbursement of said proceeds is fair and reasonable.

## **CONCLUSIONS OF LAW**

**WHEREFORE,** based upon the forgoing finds of fact, the Court concludes as a matter of law that:

1. Minors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are or become entitled. N.C. Gen. Stat. § 35A-1201(a)(6). The guardian *ad litem*, in all respects, is competent and able to understand the ramifications of the settlement and release agreement, as well as the effect it would have upon his minor ward, and is competent and able to execute his duties accordingly.

2. The extent and amount of recovery for the minor child is fair and reasonable and the disbursement of such as ordered herein is in the best interests of the minor child.

3. The disbursement of the settlement proceeds, as set forth in the sealed settlement and release agreement, benefits the minor child by the

way in which the funds are to be preserved. The guardian *ad litem* and counsel for the Plaintiff have specifically informed the Court that all are in agreement as to the manner of distribution set forth therein and are capable of carrying into effect the same.

4. The guardian *ad litem* has bound his minor ward herein in the same manner as if such minor had consented to the settlement as an adult.

5. The settlement and release agreement should be approved.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion for Approval of a Minor's Settlement [Doc. 33] is **GRANTED**, and the sealed settlement and release agreement [Doc. 44 (sealed)] filed in this matter is hereby **APPROVED**.

2. The total settlement sum for the benefit of minor child A.R.[3] shall be paid and disbursed as set forth in Sealed Documents 44, 47 and 48 of the Court's Docket, all of which, if not already executed, shall be duly signed and transmitted by Plaintiff to Defendant MMI.

3. Within twenty-one (21) days of Defendant MMI's receipt of this Order and an IRS W-9 form executed on behalf of the minor child, Defendant

---

[3] As that person is identified in the Sealed Addendum to this Order filed contemporaneously herewith

MMI shall effect the disbursement more fully set forth in paragraph 2 immediately above.

4. Within seven (7) days of the disbursement of the settlement proceeds by the Defendant MMI in accordance with this Order, counsel for the Defendant MMI shall file with the Court a notice stating that such has been completed. Upon the filing of such notice, the balance of this matter shall be dismissed with prejudice as to both Defendants.

**IT IS SO ORDERED.**

Signed: August 5, 2015

Martin Reidinger
United States District Judge